UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| M&T BANK, et al., | Case No. 2:17-CV-1867 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs Federal Home Loan Mortgage Corporation ("Freddie Mac") and M&T Bank's ("M&T") motion for summary judgment. (ECF No. 21). Defendant/counter claimant/cross claimant SFR Investments Pool 1, LLC ("SFR") filed a response (ECF No. 28), to which Freddie Mac and M&T replied (ECF No. 43).

Also before the court is SFR's motion for relief pursuant to Federal Rule of Civil Procedure 56(d). (ECF No. 29). Freddie Mac and M&T filed a response (ECF No. 43), to which SFR replied (ECF No. 47).

Also before the court is SFR's motion to strike (ECF No. 48). Freddie Mac and M&T filed a response (ECF No. 52), to which SFR replied (ECF No. 55).

**I.   Facts**

This action arises from a dispute over real property located at 8186 Deadwood Bend court, Las Vegas, Nevada 89178 ("the property"). (ECF No. 1).

Ronald Franke purchased the property on or about November 2, 2006. (ECF No. 28-2). Franke financed the purchase with a loan in the amount of $202,250.00 from Universal American Mortgage Company, LLC ("Universal"). *Id*. Universal secured the loan with a deed of trust, which names Universal as the lender, Stewart Title Company as the trustee, and Mortgage

**James C. Mahan
U.S. District Judge**

Electronic Registration Systems, Inc. ("MERS") as the beneficiary as nominee for the lender and lender's successors and assigns. *Id*.

On January 5, 2007, Freddie Mac purchased the loan, thereby obtaining a property interest in the deed of trust. (ECF No. 22). On May 23, 2012, MERS assigned the deed of trust to M&T, Freddie Mac's authorized servicer of the loan. (ECF Nos. 22, 28-12).

On June 24, 2011, Diamond Creek Community Association ("Diamond Creek"), through its agent Alessi & Koenig, LLC ("A&K"), recorded a notice of delinquent assessment lien ("the lien") against the property for Franke's failure to pay Copper Creek in the amount of $930.00. (ECF No. 28-8). On December 1, 2011, Diamond Creek recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $2,105.00 as of November 7, 2011. (ECF No. 28-9).

On May 7, 2012, Diamond Creek recorded a notice of foreclosure sale against the property. (ECF No. 28-11). On July 20, 2012, Diamond Creek sold the property in a nonjudicial foreclosure sale to SFR in exchange for $5,200.00. (ECF No 28-13). On July 24, 2012, SFR recorded the deed of foreclosure with the Clark County recorder's office. *Id*.

On July 7, 2017, Freddie Mac and M&T filed a complaint, alleging four causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) against SFR; (2) quiet title under 12 U.S.C. § 4617(j)(3) against SFR; (3) declaratory relief under the Fifth and Fourteenth Amendments against all defendants; and (4) quiet title under the Fifth and Fourteenth Amendments against SFR. (ECF No. 1).

Now, Freddie Mac and M&T move for summary judgment, requesting that the court hold that the foreclosure sale did not extinguish the deed of trust. (ECF No. 21).

**II.  Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is

"to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040,

**James C. Mahan**
**U.S. District Judge**

1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

As a preliminary matter, the court will deny SFR's motion for relief under Rule 56(d) (ECF No. 29) and motion to strike (ECF No. 48) because these motions are based on the erroneous contention that the evidence before the court is inadmissible and does not show that Freddie Mac owns the deed of trust. (ECF Nos. 29, 48).

Here, Freddie Mac and M&T have provided the court with the declaration of Dean Meyer, who is director of loss mitigation at Freddie Mac. (ECF No. 22). In the declaration, Dean Meyer testified that Freddie Mac owns the deed of trust and attached database printouts in support of those claims. *Id*. Courts regularly rely on this kind of evidence at summary judgment to hold that Freddie Mac owns a deed of trust. *See e.g. G&P Investment Enterprises, LLC v. Wells Fargo Bank, N.A.*, 199 F. Supp. 3d 1266, 1267 (D. Nev. 2016); *see also Berezovsky v. Moniz*, No. 2:15-cv-01186-GMN-GWF, 2015 WL 8780198, at *1 (D. Nev. Dec. 15, 2015), *aff'd*, 869 F.3d 923 (9th Cir. 2017). Accordingly, SFR has failed to show good cause to strike the declaration (ECF No. 22) or delay adjudication of Freddie Mac and M&T's motion for summary judgment (ECF No. 21).

As to the pending motion for summary judgment, Freddie Mac and M&T argue that the court should set aside the foreclosure sale because 12 U.S.C. § 4617(j)(3) ("the federal foreclosure bar") preempts contrary state law. (ECF No. 21).

The Housing and Economic Recovery Act ("HERA") established Federal Housing Finance Agency ("FHFA") to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq*. In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

Here, Freddie Mac acquired ownership of the underlying loan on January 5, 2007. (ECF No. 22). Further, on May 23, 2012, M&T acquired all beneficial interest in the deed of trust via an assignment. (ECF No. 28-12). M&T acted as a contractually authorized servicer of the loan on behalf of Freddie Mac, the owner of the note. Pursuant to § 4617(b)(2)(A)(i), FHFA, as conservator, immediately succeeded to all rights, titles, powers, and privileges of plaintiff. *See* 12

U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA held an interest in the deed of trust as conservator for plaintiff prior to the foreclosure sale on July 20, 2012.

FHFA did not consent to the extinguishment of Freddie Mac's property interest through the foreclosure sale. SFR argues that FHFA has affirmative rights and duties, and a failure to appear at the foreclosure sale or pay the superpriority lien prior to the sale constituted consent to the foreclosure. *See* (ECF No. 28). However, pursuant to the Ninth Circuit's recent decision in *Berezovsky*, § 4617(j) imposes no such duties on the FHFA, and the plain language of § 4617(j)(3) prevents a foreclosure sale pursuant to NRS 116.3116 *et seq.* from extinguishing the deed of trust. *See Berezovsky*, 869 F.3d at 929, 931.

Freddie Mac obtained its interest in the property prior to the foreclosure sale. As Freddie Mac was subject to conservatorship at the time of the alleged foreclosure, and the agency did not consent to foreclosure, Freddie Mac's interest in the property survived the foreclosure sale. Thus, Freddie Mac and M&T are entitled to summary judgment on their declaratory relief and quiet title claims.[1]

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Freddie Mac and M&T's motion for summary judgment (ECF No. 21) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that SFR's motion for relief under Federal Rule of Civil Procedure 56(d) (ECF No. 29) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that SFR's motion to strike (ECF No. 48) be, and the same hereby is, DENIED.

The clerk shall enter judgment accordingly and close the case.

DATED November 15, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court will not address Freddie Mac and M&T's quiet title and declaratory relief claims under the Fifth and Fourteenth Amendments, which appear to be pled in the alternative and are not pertinent to the adjudication of this action.