UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

M&T BANK, *et al.*,

Plaintiffs,

v.

SFR INVESTMENTS POOL 1, LLC, *et al.*,

Defendants.

Case No. 2:17-cv-01867-JCM-CWH

ORDER

Presently before the court is defendant SFR Investments Pool 1, LLC's ("SFR") motion for reconsideration. (ECF No. 92). Plaintiffs Federal Home Loan Mortgage Corporation ("Freddie Mac") and M&T Bank ("M&T") (collectively "plaintiffs") filed a response (ECF No. 97), to which SFR replied (ECF No. 98).

Also before the court is plaintiffs' motion for leave to file surreply. (ECF No. 99). SFR filed a response (ECF No. 100), to which plaintiffs replied (ECF No. 101).

**I.     Facts**

This action arises from a dispute over real property located at 8186 Deadwood Bend court, Las Vegas, Nevada 89178 ("the property"). (ECF No. 1).

Ronald Franke purchased the property on or about November 2, 2006. (ECF No. 28-2). Franke financed the purchase with a loan in the amount of $202,250.00 from Universal American Mortgage Company, LLC ("Universal"). *Id*. Universal secured the loan with a deed of trust, which names Universal as the lender, Stewart Title Company as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary as nominee for the lender and lender's successors and assigns. *Id*.

On January 5, 2007, Freddie Mac purchased the loan, thereby obtaining a property interest in the deed of trust. (ECF No. 22). On May 23, 2012, MERS assigned the deed of trust

to M&T, Freddie Mac's authorized servicer of the loan. (ECF Nos. 22, 28-12).

On June 24, 2011, Diamond Creek Community Association ("Diamond Creek"), through its agent Alessi & Koenig, LLC ("A&K"), recorded a notice of delinquent assessment lien ("the lien") against the property for Franke's failure to pay Copper Creek in the amount of $930.00. (ECF No. 28-8). On December 1, 2011, Diamond Creek recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $2,105.00 as of November 7, 2011. (ECF No. 28-9).

On May 7, 2012, Diamond Creek recorded a notice of foreclosure sale against the property. (ECF No. 28-11). On July 20, 2012, Diamond Creek sold the property in a nonjudicial foreclosure sale to SFR in exchange for $5,200.00. (ECF No 28-13). On July 24, 2012, SFR recorded the deed of foreclosure with the Clark County recorder's office. *Id*.

On July 7, 2017, Freddie Mac and M&T filed a complaint, alleging four causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) against SFR; (2) quiet title under 12 U.S.C. § 4617(j)(3) against SFR; (3) declaratory relief under the Fifth and Fourteenth Amendments against all defendants; and (4) quiet title under the Fifth and Fourteenth Amendments against SFR. (ECF No. 1).

On November 15, 2018, the court granted plaintiffs' motion for summary judgment (ECF No. 21), holding that the foreclosure sale did not extinguish the deed of trust. (ECF No. 90). The court also declined to grant SFR Federal Rule of Civil Procedure 56(d) relief because the evidence before the court was sufficient to preclude a genuine dispute of material fact pertaining to Freddie Mac's interest in the deed of trust. *Id*. On that same day, the clerk entered judgment. (ECF No. 91).

On December 13, 2018, SFR filed a motion for reconsideration, arguing that new evidence shows that there is a genuine dispute of material fact with respect to Freddie Mac's interest in the deed of trust. (ECF No. 92). On December 17, 2018, SFR appealed to the Ninth Circuit. (ECF No. 93). On January 8, 2019, plaintiffs moved for leave to file a surreply in opposition to SFR's motion for reconsideration. (ECF No. 99).

/ / /

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880

## III. Discussion

As a preliminary matter, plaintiffs seek to file a surreply in response to an argument that SFR raised for the first time in its reply brief. (ECF No. 99). Because "motions for leave to file a surreply are discouraged[,]" the court will deny BNYM's motion. LR 7-2(b). The court will also disregard all arguments that SFR raised for the first time in its reply brief. *See United States v. Wright*, 215 F.3d 1020, 1030 n.3 (9th Cir. 2000) (declining to consider arguments raised for the first time in a reply brief)

SFR argues in its motion for reconsideration that the court should reverse its November 15, 2018, order because new evidence in the form of plaintiffs' deposition testimony creates a genuine dispute of material fact. (ECF No. 92). The court disagrees.

Before the court granted summary judgment in plaintiffs' favor, SFR argued that the evidence before the court was inadmissible and insufficient to show that Freddie Mac had an ownership interest in the deed of trust. (ECF Nos. 25, 29, 48). The evidence in dispute was the declaration of Dean Meyer, who is director of loss mitigation at Freddie Mac. (ECF No. 22). SFR also requested that the court allow further discovery into Freddie Mac's ownership interest

in the deed of trust before adjudicating plaintiffs' motion for summary judgment. (ECF No. 29).

The court denied SFR's request and held that the declaration of Dean Meyer was sufficient to allow the court to summarily hold that Freddie Mac had an ownership interest in the deed of trust. (ECF No. 90). Now, SFR is improperly attempting to rehash an old argument by once again asserting that the declaration of Dean Meyer cannot support summary judgment. *See Phillips v. C.R. Bard. Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) ("Motions for reconsideration are not the proper vehicles for rehashing old arguments").

Moreover, the court has examined the new evidence that SFR attached to its motion and does not find any genuine dispute of material fact. Dean Meyer unequivocally stated in his declaration that Freddie Mac owns the deed of trust and attached database printouts in support of his claims. (ECF No. 22). Nothing in the record substantially challenges Dean Meyer's declaration.

The court also reiterates that federal district courts routinely rely on materially identical business records to summarily hold that Freddie Mac owns a deed of trust. *See e.g. G&P Investment Enterprises, LLC v. Wells Fargo Bank, N.A.*, 199 F. Supp. 3d 1266, 1267 (D. Nev. 2016); *see also Berezovsky v. Moniz*, No. 2:15-cv-01186-GMN-GWF, 2015 WL 8780198, at *1 (D. Nev. Dec. 15, 2015). The Ninth Circuit has affirmed several of those decisions. *See, e.g.*, *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017); *see also, e.g.*, *Williston Inv. Grp., LLC v. JP Morgan Chase Bank, NA*, 736 F. App'x. 168 (9th Cir. 2018).

In consideration of the foregoing, the court was correct to adjudicate plaintiffs' motion for summary judgment because (1) additional discovery would not assist in avoiding summary judgment and (2) there is no genuine dispute of material fact with regards to Freddie Mac's ownership interest in the deed of trust. *See Fed. Nat'l Mortgage Ass'n v. KK Real Estate Inv. Fund*, No. 2:17-cv-1289-JCM-CWH, 2018 WL 525297 at *5 (D. Nev. Jan. 23, 2018) (declining Rule 56(d) relief and entering summary judgment in circumstances materially identical to this case).

/ / /

/ / /

**IV.    Conclusion**

In light of the foregoing, the court will deny SFR's motion for reconsideration pursuant to Rule 62.1(a).  Fed. R. Civ. P. 62.1(a) (providing that a district court can deny a motion for relief despite a pending appeal of the underlying order).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that SFR's motion for reconsideration (ECF No. 92) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion for leave to file surreply (ECF No. 99) be, and the same hereby is, DENIED.

DATED THIS 10th day of April 2019.

                                        JAMES C. MAHAN
                                        UNITED STATES DISTRICT JUDGE