UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| M&T BANK, et al.,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>SFR INVESTMENTS POOL 1, LLC, et al.,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:17-CV-1867 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant SFR Investments Pool 1, LLC's ("SFR") emergency motion for temporary restraining order. (ECF No. 106). Plaintiffs M&T Bank and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively "plaintiffs") filed a response (ECF No. 108), to which SFR replied (ECF No. 110).

Also before the court is SFR's emergency motion for preliminary injunction. (ECF No. 107). Plaintiffs filed a response (ECF No. 108), to which SFR replied (ECF No. 110).

**I.     Facts**

This action arises from a dispute over real property located at 8186 Deadwood Bend Court, Las Vegas, Nevada 89178 ("the property"). (ECF No. 1).

Ronald Franke purchased the property on or about November 2, 2006. (ECF No. 28-2). Franke financed the purchase with a loan in the amount of $202,250.00 from Universal American Mortgage Company, LLC ("Universal"). *Id*. Universal secured the loan with a deed of trust, which names Universal as the lender, Stewart Title Company as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary as nominee for the lender and lender's successors and assigns. *Id*.

**James C. Mahan**
**U.S. District Judge**

1 | On January 5, 2007, Freddie Mac purchased the loan, thereby obtaining a property interest in the deed of trust. (ECF No. 22). On May 23, 2012, MERS assigned the deed of trust to M&T, Freddie Mac's authorized servicer of the loan. (ECF Nos. 22, 28-12).

On June 24, 2011, Diamond Creek Community Association ("Diamond Creek"), through its agent Alessi & Koenig, LLC ("A&K"), recorded a notice of delinquent assessment lien ("the lien") against the property for Franke's failure to pay HOA fees to Diamond Creek in the amount of $930.00. (ECF No. 28-8). On December 1, 2011, Diamond Creek recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $2,105.00 as of November 7, 2011. (ECF No. 28-9).

On May 7, 2012, Diamond Creek recorded a notice of foreclosure sale against the property. (ECF No. 28-11). On July 20, 2012, Diamond Creek sold the property in a nonjudicial foreclosure sale to SFR in exchange for $5,200.00. (ECF No. 28-13). On July 24, 2012, Diamond Creek recorded the trustee's deed upon sale with the Clark County recorder's office. *Id*.

On July 7, 2017, plaintiffs filed a complaint, alleging four causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) against SFR; (2) quiet title under 12 U.S.C. § 4617(j)(3) against SFR; (3) declaratory relief under the Fifth and Fourteenth Amendments against all defendants; and (4) quiet title under the Fifth and Fourteenth Amendments against SFR. (ECF No. 1). On March 29, 2018, SFR filed an answer and counterclaim, asserting two causes of action against plaintiffs: (1) quiet title/declaratory relief and (2) injunctive relief. (ECF No. 24).

On November 15, 2018, the court granted plaintiffs' motion for summary judgment (ECF No. 21), holding that the foreclosure sale did not extinguish the deed of trust. (ECF No. 90). The court also declined to grant SFR Federal Rule of Civil Procedure 56(d) relief because there did not exist a genuine dispute of material fact with regards to Freddie Mac's ownership interest in the deed of trust. *Id*. On that same day, the clerk entered judgment. (ECF No. 91).

On December 17, 2018, SFR appealed to the Ninth Circuit. (ECF No. 93). Now, SFR requests that the court enjoin M&T's agent from foreclosing on the property pursuant to the deed of trust. (ECF Nos. 106, 107).

. . .

James C. Mahan
U.S. District Judge

## II. Legal Standard

In deciding whether to grant an injunction pending appeal, courts apply the standard employed when considering a motion for a preliminary injunction. *Feldman v. Arizona Sec'y of State's Office*, 843 F.3d 366, 367 (9th Cir. 2016). Federal Rule of Civil Procedure 65 provides that the court may issue a preliminary injunction on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). A preliminary injunction seeks to preserve the status quo and prevent irreparable harm from occurring before a judgment is issued. *Textile Unlimited Inc. v. BMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001).

The Supreme Court held that courts must consider the following elements in determining whether to issue a preliminary injunction: (1) likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

Additionally, post-*Winter*, the Ninth Circuit has maintained its serious question and sliding scale tests. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.*

"Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

## III. Discussion

As a preliminary matter, the court recognizes that it lost jurisdiction over this matter when SFR filed its notice of appeal. *See Natural Resources Def. Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, the court did not lose jurisdiction over all issues in this case. *Id*. Federal Rule of Civil Procedure 62(d) provides, "while an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or

refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

SFR asserted a quiet title counterclaim and requested that the court enjoin plaintiffs from foreclosing on the property. (ECF No. 24). On November 15, 2018, the court granted summary judgment in favor of plaintiffs and denied SFR's request for injunctive relief. (ECF No. 90). Thus, although SFR appealed the court's November 15, 2018, order, the court retains jurisdiction to hear SFR's motion for injunctive relief. (ECF No. 93); *see, e.g.*, *Spanish Springs Pilots Ass'n, Inc. v. U.S. Dept. of Interior, Bureau of Land Mgmt.*, No. 3:06-CV-00172-BES-RAM, 2008 WL 2099321, at *1 (D. Nev. May 19, 2008) (ruling on motion for injunction pending appeal from summary judgment).

The court first notes that SFR improperly filed its motions. The Local Rules provide that when a litigant creates an emergency by failing to effectively manage a case, the court may deny the corresponding "emergency" motion. *See* LR 7-2(b), (c). Moreover, "unclean hands may militate against issuing an injunction that otherwise meets *Winter's* requirements." *Inst. of Cetacean Research v. Sea Shepard Conservation Soc.*, 725 F.3d 940, 947 (9th Cir. 2013).

The court granted summary judgment in favor of plaintiffs nearly nine months ago, on November 15, 2018. (ECF No. 90). Rather than promptly taking action to preserve the status quo, SFR waited until three business days before the foreclosure sale to file "emergency" motions for a temporary restraining order and preliminary injunction. (*See* ECF Nos. 107, 108).
Thus, by failing to effectively manage this case, SFR created this emergency and comes to the court with unclean hands. Accordingly, the court will deny SFR's motions.

SFR's motions also fail on the merits. Litigants seeking a preliminary injunction have a burden to satisfy the four elements for a preliminary injunction. *See Winter*, 555 U.S. at 20. The court addresses each element in turn.

*A. Likelihood of success on the merits*

SFR argues that it is likely to succeed on the merits because the statute of limitations bars plaintiffs' quiet title claim. (ECF No. 107). Specifically, SFR argues that the relevant limitations

period under 12 U.S.C. § 4511 *et seq*. is three years and plaintiffs did not initiate this action until nearly five years after the foreclosure sale. *Id*. The court disagrees.

12 U.S.C. § 4617(b)(12)(A)(i)(I)-(II) provides that organizations which the Federal Housing Finance Agency ("FHFA") regulates, such as Freddie Mac, must file contract claims in "the 6-year period beginning on the date which the claim accrues; or the period applicable under State law." In Nevada, quiet title claims have a five-year limitations period. Nev. Rev. Stat. 11.070.

Courts routinely apply this five-year limitations period to quiet title claims in HOA foreclosure cases. *See*, *e.g.*, *Bank of New York Mellon v. Khosh*, 2:17-cv-00957-MMD-PAL, 2019 WL 2305146, at *3 (D. Nev. May 30, 2019) (issued by Judge Miranda M. Du); *see also, e.g.*, *Bank of America, N.A. v. Woodcrest Homeowners Ass'n*, 381 F. Supp. 3d 1280, 1286 (D. Nev. 2019) (issued by Judge Gloria M. Navarro); *see also, e.g.*, *Fed. Nat'l Mortgage Ass'n v. Kree*, LLC, 3:17-cv-00730-LRH-WGC, 2018 WL 2697406, at *2 (D. Nev. June 5, 2018) (issued by Judge Larry R. Hicks); *see also*, *e.g.*, *Nationstar Mortgage, LLC v. Falls at Hidden Canyon Homeowners Ass'n*, 2:15-cv-01287-RCJ-NJK, 2017 WL 2587926, at *3 (D. Nev. June 14, 2017) (issued by Judge Robert C. Jones).

Diamond Creek recorded the trustee's deed upon sale with the Clark County recorder's office on July 24, 2012. (ECF No. 28-13). Plaintiffs brought this lawsuit within five years, on July 7, 2017. (ECF No. 1). Therefore, SFR has failed to show that it is likely to succeed on its statute of limitations argument.

*B. Likelihood of irreparable injury*

SFR argues that it will suffer immediate and irreparable injury absent injunctive relief because the foreclosure sale will deprive SFR of the use and enjoyment of its real property. (ECF No. 106). However, because the court has already held that plaintiffs' deed of trust encumbers the property and has entered final judgment consistent with that holding, the foreclosure sale will not unlawfully harm any right or interest SFR holds in the property.

Further, while the court recognizes that real property is typically unique, the loss of real property held for commercial purposes does not necessarily amount to irreparable harm. *Geneva*

*Ltd. Partners v. Kemp*, 779 F. Supp 1237, 1241 (N.D. Cal. 1990). Indeed, forced sale of real property does not amount to irreparable harm so long as the injury is compensable in damages. *See Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 471 (9th Cir. 1984) (recognizing that "[m]ere financial injury, however, will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation").

SFR has not provided evidence showing that it uses the property for non-commercial purposes or that the property is commercially unique. SFR has also failed to show that damages alone would not adequately recompense any injury arising from the foreclosure sale. Therefore, SFR has not proven that it will likely suffer immediate and irreparable injury.

### C. Balance of hardships

In evaluating the balance of hardships, courts "identify the harms which a preliminary injunction might cause to defendants and . . . weigh these against plaintiff's threatened injury." *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 676 (9th Cir. 1998) (quotation marks and citation omitted).

The court cannot weigh plaintiffs' specific harms against SFR's threatened injury because SFR has not proven that denying injunctive relief would cause irreparable harm. *See Ferguson v. Mahjoory*, No. 2:05-cv-00346-WAS-LRL, 2006 WL 8442044, at *5 (D. Nev. Mar. 23, 2006). Therefore, the balance of hardships weighs against enjoining the foreclosure sale.

### D. Public interest

"When the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be 'at most a neutral factor . . .'" *Stormans, Inc v. Selecky*, 586 F.3d 1109, 1138–39 (9th Cir. 2009) (citing *Bernhardt v. L.A. County*, 339 F.3d 920, 931 (9th Cir. 2003)). Because such is the case here, public interest does not favor issuing an injunction.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that SFR's emergency motion for a temporary restraining order (ECF No. 106) be, and the same hereby is, DENIED.

James C. Mahan
U.S. District Judge

IT IS FURTHER ORDERED that SFR's emergency motion for preliminary injunction (ECF No. 107) be, and the same hereby is, DENIED.

DATED August 6, 2019.

_____
UNITED STATES DISTRICT JUDGE